12995

BAGGETT v. STRICKLAND

(155 S. E., 237)

April, 1929.

*Mr. Marion F. Winter,* for appellant,

*Messrs. A. L. Hamer* and *Wallace & Adams,* for respondent,

October 9, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The appellant, as plaintiff, sued the respondent, as defendant, in the Court of Common Pleas for Berkeley County. The respondent answered the complaint within due time. The case was placed on the calendar for trial, where it remained, being continued several terms by consent of counsel. In the meantime, there was a change of counsel on the part of the respondent, and certain negotiations for a settlement.

On December 4, 1928, in the absence of the respondent and his attorneys, the case was called for trial. The appellant offered evidence in behalf of the allegations of his complaint, and the presiding Judge directed a verdict in his favor.

Thereafter, and within one year from the date of the entry of judgment against him, the respondent moved before his Honor, Judge William H. Grimball, presiding in the Court of Common Pleas for Berkeley County, under the provisions of Section 437 of the Code of Civil Procedure, Vol. 1, Code of 1922, that the judgment be vacated. In favor of and against the granting of this motion, several affidavits were presented to the Court. After fully hearing the motion, the presiding Judge vacated the judgment, and provided in his order that the respondent should enter into proper bond in the sum of $800.00, conditioned for the payment of any judgment which might be secured against him at any future

trial of the case. From that order, the appeal comes to this Court.

Regarding motions for order of the character of the one here involved, under the provisions of Section 437 of the Code of Civil Procedure (Section 195 of the Code of 1902) this Court has laid down the following rule: "In *McDaniel v. Addison*, 53 S. C., 224, 31 S. E., 226, 227, Chief Justice McIver, delivering the opinion of the Court, said: 'The motion is based upon Section 195 of the Code of Procedure, which provides, amongst other things, that the Court may, "in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or, by an order, enlarge such time." It is manifest, therefore, from the express terms of the statute, that a motion of this character is addressed to the discretion of the Circuit Court, and not, therefore, ordinarily appealable. For, as was said by the late Chief Justice Simpson, in *Truett v. Rains,* 17 S. C., 451, and quoted with approval in the very recent case of *Michalson v. Roundtree,* 51 S. C., 405, 29 S. E., 66: "As a general rule, where a Court or Judge is invested with power to be exercised at discretion, such power is absolute, and, when exercised, it is final. From the very meaning of the term and the nature of the power, discretion is unlimited. It is bounded by no rule except the good sense and integrity of the party empowered to exercise it, and, in the absence of an express right to appeal, it necessarily follows that its exercise is unappealable." While this is undoubtedly the general rule, our cases, some of which have been cited in the argument of counsel, recognize at least one exception, and that is where there has been an abuse of discretion. Of course, this Court would not assume that any Circuit Judge had been guilty of abuse of discretion confided to him by law, and hence, whenever an appeal has been taken upon this ground, the burden rests upon the appellant to show that there has been abuse of discretion.' See, also,

*White v. Coleman*, 38 S. C., 556, 17 S. E., 21." *Duncan v. Duncan*, 93 S. C., 487, 76 S. E., 1099, 1101. See, also, *American Trust Co. v. Bloom*, 148 S. C., 386, 146 S. E., 249.

We are not convinced that the Circuit Judge committed any abuse of discretion in granting the order appealed from; and the duty to do that rests upon the appellant. Therefore, the order should be, and is, affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.

MR. CHIEF JUSTICE WATTS did not participate.