14659

BETSILL *ET AL.* v. BETSILL *ET AL.*

(196 S. E., 381)

*Mr. W. B. Martin,* for appellants, 

*Messrs. Zeigler & Brailsford,* for respondents, 

April 5, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

Prior to 1916, a man whose name was H. G. Betsill lived in the City of Orangeburg in a small dwelling situate on a

portion of about three acres of land in the northwestern sub-
urbs of said city. In 1916, H. G. Betsill died intestate, seized
and possessed of the above-stated property, and leaving as
his heirs his widow, Cornelia A. Betsill, and eight children.
About five or six years after his death, his widow died in-
testate, leaving no other heirs than the same eight children
which the said H. G. Betsill had left. A short time before
the death of Cornelia A. Betsill, a married daughter, Mary
Betsill Rush, died intestate, leaving as her heirs, her husband
and six children. In 1927, her share in this property was sold
by her heirs and purchased by two granddaughters of H.
G. Betsill, Pauline and Pearle Betsill. This sale was approved
by a Court of competent jurisdiction, as some of the chil-
dren of the deceased married daughter were minors. After
the purchase of the share of Mary Betsill Rush in this prop-
erty by these two granddaughters, the owners of the H. G.
Betsill property (the three acres of land above described)
were his seven children; namely, W. H. Betsill, Eugene J.
Betsill, Pauline A. Betsill, Joseph J. Betsill, Thomas E.
Betsill, Alex M. Betsill, and Cornelius M. Betsill, and his
two granddaughters, Pauline Betsill and Pearle Betsill, who,
as aforesaid, owned together one share; namely, the share of
Mary Betsill Rush, deceased.

On or about March 4, 1928, W. H. Betsill, one of the co-
tenants, following an automobile accident, died intestate,
leaving as his heir and distributees at law his widow, Mable
Betsill, and nine children, ranging in ages from 4 to 19
years, and who are the appellants in this case. Following the
death of W. H. Betsill, an action was brought in a Court of
competent jurisdiction for a partition of the lands above de-
scribed; the complaint in the action alleging a family settle-
ment agreement, which was in the process of being consum-
mated at the time of the untimely death of W. H. Betsill,
that proceeding being made necessary by reason of the minor
heirs of W. H. Betsill. Under the alleged family settlement
agreement, W. H. Betsill was not to have received any por-
tion of the above-described lands, and there were two other

brothers who were not to have received any portion. Mable Betsill, the widow of W. H. Betsill, and his nine minor children, were all regularly served with the summons and complaint, and the proper notices with reference to the appointment of a guardian *ad litem* in the manner prescribed by the statute laws of this State, and in accordance with the ages of the minors, and Mable Betsill, the mother, was duly appointed their guardian *ad litem,* and answered for herself individually, and as guardian *ad litem* answered for the minors, submitting their rights to the Court, and in the hearing thereon, Mable Betsill testified that she was familiar with the matters and things set out in the complaint, especially as to the family settlement agreement by reason of having been advised concerning same by her husband prior to his death, and that the allegations of the complaint were true.

The action resulted in a decree carrying into effect the family settlement agreement and division of the property thereunder, but under which decree the appellants herein, the widow and children of W. H. Betsill, received no portion of the lands. This decree was consented to by Mable Betsill, as an individual, and as guardian *ad litem* for the infant defendants.

In the family settlement there was involved a mortgage from J. J. Betsill to W. H. Betsill and E. J. Betsill in the sum of $1,000.00, and covering the interest of J. J. Betsill in the land above described. It appears that W. H. Betsill had been paid the $500.00 he had in this mortgage, and that it was paid to him at a time when he needed the money very badly, especially with which to pay some insurance premiums, and that at his death his widow, Mable Betsill, collected $4,-000.00 insurance money by reason of these insurance policies having been kept in force. Through an oversight, and in the partition of the lands and the carrying out of the family settlement agreement, this mortgage was not marked satisfied of record, and therefore constituted a cloud on the title of those owning in fee their various portions of the said three-acre tract of land. It was not discovered until 1936

that this mortgage had not been satisfied of record, and had not been directed to be satisfied by the decree made in 1928 in the partition suit when the land was partitioned in accordance with the family settlement agreement, and as Mable Betsill, the widow and administratrix of the estate of W. H. Betsill, refused to join with E. J. Betsill in making the mortgage satisfied, an action was brought by respondents against E. J. Betsill, and Mable Betsill, as administratrix of the estate of W. H. Betsill, to have this mortgage declared satisfied and to direct the Clerk of Court to cancel it of record. E. J. Betsill answered, admitting the allegations of the complaint and alleging that the mortgage of J. J. Betsill had been paid, and that it was so understood by all the members of the family in the settlement and division which had been made of the lands of H. G. Betsill. Mable Betsill, as administratrix, answered and alleged that her children had an interest in the mortgage and were entitled to collect it; that her children were minors at the time the action was brought for the division of the lands of H. G. Betsill, and that the judgment in that action was not binding on the children, but as to them was void or voidable; that the children had not been properly served in that case, and that while she was appointed their guardian *ad litem,* she was never notified of any hearing in the case and did not attend any. Along with her answer she served a notice of a motion to consolidate this case with the previous case, and to open up and vacate the judgment in the former case. The children of W. H. Betsill filed a petition in the original case to open up the judgment thereunder and vacate the same on the ground that they were minors at the time the judgment in the first case was rendered; that the judgment in the case deprived them of their interest in this mortgage, and also of their interest in the land involved; that while their mother, Mable Betsill, was appointed as guardian *ad litem* to represent them in the case, she was not notified of any hearing had therein and did not attend a single hearing. Attached to this petition was a notice that it would be called up for a hearing on a certain date,

which was the same date that the County Judge had appointed for a hearing in the case on the mortgage.

The petition of the children to vacate the judgment in the first case, and the case to cancel the mortgage, were heard on the same day. The Court first took up the petition to open and vacate the judgment. No testimony was introduced by petitioners or was offered by them to prove the allegations of their petition. The respondents introduced in evidence the judgment roll in the partition-family settlement case, which record completely refuted the allegations of the petition as to improper service on the minors and the failure of their guardian *ad litem,* Mable Betsill, to attend the hearing in the case.

On this showing the County Judge refused the petition to open up and vacate the judgment.

The Court then took up the case of *Alex M. Betsill et al. v. Eugene A. Betsill et al.* to declare the mortgage satisfied and thereby removed the cloud which it placed on the title to the land. Counsel for petitioners (appellants here), and for the defendant, Mable Betsill, as administratrix, in that case, contented himself with filing the answer of Mable Betsill, which has hereinbefore been gone into, and then withdrew from the hearing.

From the order of the Court refusing the petition of the children of W. H. Betsill to vacate the first judgment, the children of W. H. Betsill have appealed upon seven exceptions, which, liberally construed, raise only this twofold question: Is it error to refuse to open and vacate a judgment against minors, regular throughout, upon a mere petition alleging irregularities in the judgment, and alleging that the judgment deprived the minors of their rights in the property, without any evidence of the truth of the allegations of the petition; and are the minors bound by a judgment against them when the judgment was obtained in a proceeding which was regular in all respects, and wherein they were represented by a guardian *ad litem,* who not only attended the

hearing held on the merits, but testified in the action, and consented to the final decree?

Of course, where the Court rendering the judgment did not have jurisdiction of the subject-matter, such judgment will be declared void. There is no question about the Court which rendered the judgment sought herein to be vacated having jurisdiction of the subject-matter and the judgment roll discloses had jurisdiction of the appellants. This Court will not pass upon the merits of a case where a final judgment has been rendered, even though the interest of infants was involved, unless there is some evidence of fraud or collusion on the part of the guardian *ad litem* of the infants. There is a total lack of evidence of fraud and collusion on the part of the guardian *ad litem* of the infants, the appellants herein.

To establish the precedent of passing upon objections which could have been made, and the merits of a case in which final judgment has been had, on the mere allegations of a petition to vacate the judgment, would tend to create a potential cloud on the title to all lands where the interest of infants has been adjudicated.

As has often been said, sound public policy demands that judgments and judicial sales be upheld where it can be done without violating any statute or settled principle of law. And it is a presumption of law that the trial Judges scrutinize with jealous care every proposed order or decree affecting the rights of those who are incapable of protecting themselves (infants), and see to it that their interests are not improperly or unnecessarily endangered or sacrificed. *Barfield v. Barnes,* 108 S. C., 1, 93 S. E., 425.

The judgment sought to be vacated appears to be regular in every respect. The Court rendering the judgment had jurisdiction of the infants and of the subject-matter. They were represented by a guardian *ad litem* duly appointed, and who attended the hearing of the case on its merits, and testified. There is no charge of fraud or collusion on the part of the guardian *ad litem*.

Both under our statute and the decisions of this Court, the setting aside and vacating of a judgment is within the discretion of the Court. This Court will not assume that any Circuit Judge or County Judge has been guilty of abuse of discretion confided to him by law, and hence the burden rests upon the appellants to show that there has been an abuse of discretion. *Baggett v. Strickland,* 158 S. C., 60, 155 S. E., 237.

Strictly speaking, the exceptions of appellants do not allege "abuse of discretion" on the part of the County Judge in refusing to vacate the judgment, but undertake to allege error in the admissibility of evidence, and the holdings and conclusions of the Court in the partition suit had in 1928. To consider the exceptions as worded would be allowing appellants to appeal from the rulings and judgment several years after the rendition thereof, and without having raised the questions in the Court below.

We have therefore considered the exceptions upon the only basis they could be considered; that is, that it is intended to raise by these exceptions the question that the County Judge committed an abuse of discretion in refusing to vacate and set aside the judgment; and that the appellants are not bound by the judgment.

We are constrained to hold that the record does not disclose facts sufficient to show an abuse of discretion amounting to "error of law" in refusing to vacate and set aside the judgment; and that therefore the appellants are bound by it.

We cannot read into the record an appeal from the decree in the case of *Alex M. Betsill et al. v. E. J. Betsill et al.,* and therefore the exception of appellants to the order of the County Judge requiring this decree to be printed as a part of the record is sustained. It follows that the order disallowing the minutes and testimony in that case to be printed as an appendix to the record was proper, and the exceptions of respondents thereto are overruled.

The order refusing to open up and vacate the judgment rendered in 1928, in the case having the same title as this case, is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.