## 18581

Albert S. COOPER, Sr., Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE CO., Appellant

(151 S. E. (2d) 668)

*Messrs. Turner, Padget, Graham & Laney,* of Columbia, *for Appellant,*

*Messrs. Robert A. McKenzie* and *Rogers, McDonald & Ross,* of Columbia, *for respondent,*

· December 2, 1966.

Moss, Chief Justice.

Albert S. Cooper, Sr., the respondent herein, instituted this action against John Hancock Mutual Life Insurance Company, appellant, to recover certain hospital and surgical expense benefits provided in a group policy of insurance issued by it. The group policy covered the employees of the Pepsi-Cola Bottling Company of Columbia and the respondent was an employee thereof. The said policy provided for hospital and surgical operation benefits as a result of (1) an accidental bodily injury which does not arise out of and in the course of employment, or (2) disease for which the employee is not entitled to a benefit under any Workmen's Compensation Law or Act. Many courts have held that the purpose of the above type of insurance policy is intended to supplement workmen's compensation insurance by providing coverage for incapacities resulting from causes other than employment and which, therefore, would not be covered by workmen's compensation. 47 A. L. R. (2d) 1241.

The respondent, in his complaint, alleged that his hospital and surgical expense was the result of an inguinal hernia which was not an accidental injury arising out of and in the course of his employment nor was it a disease for which he was entitled to benefits under the Workmen's Compensation Law. The appellant denied this allegation of the complaint and affirmatively alleged that the inguinal hernia suffered by the respondent was an accidental injury arising out of and in the course of his employment, and under the terms of the aforesaid policy no benefits accrued to him.

It appears from the record in this case that the respondent filed a claim for benefits under the Workmen's Compensation Law. A hearing was had before the South Carolina Industrial Commission and, thereafter, it issued an opinion and award holding that the respondent "did not receive an injury by accident arising out of and in the course of his employment within the meaning of the terms and the provisions of the South Carolina Workmen's Compensation Act", and was not entitled to any benefits under said Act.

This case came on for trial before The Honorable Legare Bates, Senior Judge of the Richland County Court, and a jury. At appropriate stages of the trial the appellant made a motion for a nonsuit and a directed verdict on the ground that the testimony showed that the hospital and surgical expense of the respondent was a direct result of an accident which arose out of and in the course of employment and was not a disease for which he was not entitled to a benefit under the Workmen's Compensation Act and, therefore, no benefits were due and payable under the policy. These motions were refused. The respondent then moved for a directed verdict upon the ground that under the admitted facts he was entitled to a verdict as a matter of law. This motion was granted. This appeal followed.

The respondent testified that on April 25, 1962, at about 8:00 o'clock in the morning, he stooped down to pick up a single crate of pepsi-colas for the purpose of placing same in an automobile of a customer and felt a pain in his side. He straightened up and stood there a minute or two and then picked up the single crate of pepsi-colas and put it in the automobile. He said the pain did not persist and he continued to work until he had surgery. He said that three weeks after this incident he noticed a bulge in his left side and such was diagnosed on May 25, 1962, by a Dr. Spivey as a left inguinal hernia. The respondent was referred to Dr. Paul Hopkins, a surgeon, who repaired the hernia by surgery.

Dr. Hopkins testified in behalf of the respondent. This witness gave his definition of "disease" and stated that such included a hernia. The appellant closed its case without offering any evidence and the testimony of the physician that hernia is a disease was uncontradicted.

The basic question for determination here is whether the trial judge was in error in holding as a matter of law that the inguinal hernia suffered by the respondent was a disease within the meaning of the policy provision hereinbefore stated. The appellant contends that it was error to so hold.

.The finding of the Industrial Commission that the respondent was not entitled to any compensation under the Act because his hernia did not result from injury by accident arising out of and in the course of his employment is conclusive. Our Workmen's Compensation Act does not cover diseases generally, but only occupational diseases or a disease that results from an injury by accident arising out of and in the course of employment. It follows that under our Act the respondent was not entitled to any benefits for the hernia suffered by him.

We have held that if the evidence is susceptible of one reasonable inference, the question then becomes one of law for the court. *Ray v. Simon*, 245 S. C. 346, 140 S. E. (2d) 575. Three is only one reasonable inference that can be drawn from the testimony in this case and that is that a hernia is a disease and the definition given by the physician is in accord with that recognized in the case of *Price v. State Capital Life Ins. Co.*, 261 N. C. 152, 134 S. E. (2d) 171, as follows:

"* * * 'an alteration in the state of the human body * * * or of some of its organs or parts interrupting or disturbing the performance of the vital functions, or of a particular instance or case of this'; as 'deviation from the healthy or normal condition of any of the functions or tissues of the body'; and as a 'morbid condition of the body'."

We think the trial judge was correct, under the uncontradicted testimony in this record, in holding as a matter of law that the hernia suffered by the respondent was a disease within the meaning of the terms of the policy of insurance here involved.

The appellant ascribes error to the finding made by the trial judge that the respondent's hernia was not caused by any single happening or event. Having concluded that the hernia suffered by the respondent was a disease, it is unnecessary for us to decide what was the cause of the condition.

In view of our conclusion that the trial judge was correct in holding, under the uncontradicted testimony, that a hernia is a disease within the terms and meaning of the policy of insurance with which we are here concerned, it becomes unnecessary to pass upon any other question raised by the appellant.

The judgment of the lower court is affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., concur.

LIONEL K. LEGGE, Acting Associate Justice, concurs in result.