### 21063

E. M. HOLMES, Respondent, v. NATIONWIDE LIFE INSURANCE COMPANY, Appellant.

(258 S. E. (2d) 924)

*Robert M. Erwin, Jr.,* Greenwood, *for appellant.*

*C. David Sawyer, Jr.,* Saluda, and *William A. Dallis,* Columbia, *for respondent.*

October 4, 1979.

LITTLEJOHN, Justice:

This action was brought by the plaintiff-respondent, E. M. Holmes, to recover benefits under a health insurance policy issued by the defendant-appellant, Nationwide Life Insurance Company. The gravamen of the plaintiff's claim is set forth in paragraph 6 of the complaint, as follows:

"The Defendant in wilful and wanton breach of the terms of the aforementioned contract of insurance failed to pay monetary benefits as provided in the said contract causing the Plaintiff to suffer damages in connection therewith. That the Plaintiff is informed and does believe that he [has] been damaged and is entitled to judgment against the Defendant in the sum of Ten Thousand and no/100 ($10,000-.00) Dollars actual and punitive damages."

It is an action on the contract. Special damages are not alleged.

The Insurance Company answered, setting up the defense of a general denial, alleging that the policy was not in effect at the time of the plaintiff's hospitalization; secondly, the answer submits that the plaintiff knowingly falsely answered questions on the application for the policy, thereby perpetrating a fraud rendering the policy void in its inception.

The issues were tried, resulting in a jury verdict in the amount of $7,500.00, actual damages. Timely motions were made for judgment notwithstanding the verdict, and, in the alternative, for a new trial *nisi,* which was granted unless the plaintiff agreed to remit that portion of the jury

verdict in excess of $4,058.10. The plaintiff remitted. The Insurance Company has appealed.

In the course of the trial the plaintiff submitted evidence of various hospital, doctor and drug bills. In several instances the amounts testified to were in excess of the amounts provided in the policy of insurance. In addition, the plaintiff was allowed to testify, over objection, that he borrowed $3,800.00, paying 9% interest, in order to pay these bills after his claim was rejected.

It was the position of the Insurance Company throughout that recovery, if permitted, should be limited by the terms of the insurance policy.

On the issue of damages, the judge charged the jury as follows:

"Now, if you should conclude that the plaintiff is entitled to recover, then you would consider the measure of damages applicable to a breach of contract. Damages awarded to a breach of contract are known as actual damages. Actual damages are the words used to describe the compensation that is awarded to make an injured party whole, insofar as that can be done by award of money. The amount to be awarded for the breach of a contract is the amount of any loss that was sustained by reason of that breach. It is the amount of damage that the party injured by the breach may reasonably have incurred. It is the amount that would put the injured party in the same position, as near as possible as that party would have been in had there been no breach. One responsible for a breach is liable for all injury and damage naturally and proximately caused by the breach; and therefore, would be liable for all injury and damage that is a natural and proximate consequence of a breach. One responsible for a breach would be liable also for any special damage, which at the time of the contract may reasonably be supposed to have been within contemplation of the parties as a probable consequence of any breach. A defendant

who causes a breach is liable not only for the natural and proximate consequences of the breach, but also for any special injury or damage caused by the breach of which the defendant, at the time of contracting, had noted might reasonably result from or be caused thereby. . . ."

At appropriate stages of the proceeding, the Insurance Company moved for a directed verdict and for judgment notwithstanding the verdict. It was submitted that it had proved its case of fraudulent representation so as to void the policy, as a matter of law. There was evidence which, if believed, might have warranted such a result by the jury on the facts. The burden of proving fraudulent representation was upon the Insurance Company. The cases are legion in this state to the effect that an insurance company, in order to prevail, must prove that the statements complained of were: (1) untrue, (2) known by the applicant to be false, (3) material, (4) relied upon by the insurer, and (5) made with intent to deceive and defraud the insurer. *West's South Carolina Digest, Insurance,* Key 271.1. The Insurance Company did not meet its burden of proof on this issue. From a review of the evidence, we are of the unanimous view that a full written opinion on the directed verdict issue would have no precedential value, and no error of law appears. This issue is disposed of under our Rule 23.

Other issues submitted to this court relate to the amount of the verdict and the charge of the law as affects the amount of damages. The lower court held that the amount of the jury verdict was not such as to indicate caprice, passion, and prejudice. We agree: the amount was likely bloated because of the erroneous charge of the law as to damages. Accordingly, we find no error on the part of the judge in refusing to set the verdict aside outright because of caprice, passion, and prejudice.

We agree with counsel for the Insurance Company that the proper measure of damages in this case is that amount actually stipulated by the terms of the policy.

A portion of the charge of the law, quoted hereinabove, is basically that which is normally given in a tort action. In the case of *Hutson v. Continental Assur. Co.*, 269 S. C. 322, 237 S. E. (2d) 375 (1977), this court said:

"The rule in contract actions is to be distinguished from the rule in tort actions. In tort actions, damages may be recovered for all injuries which proximately follow, whether or not such injuries could have been anticipated or contemplated. In breach of contract actions, only such damages as may reasonably be supposed to have been in the contemplation of both parties at the time the contract was made may be collected."

Having found the charge erroneous and having found that the amount of the verdict allowed to stand is in excess of that provided in the insurance policy, we now reach the question, what is the appropriate procedure to bring the case to an end? Implicit in the jury verdict is a finding that the Insurance Company is liable for the amounts indicated in the policy. The verdict allowed to stand, in the amount of $4,058.10, would appear to be approximately medical expenses testified to and incurred, plus interest paid on the loan which the plaintiff procured. We are of the opinion that the *nisi* order should have further reduced the amount to a figure commensurate with the protection provided in the insurance policy. In like fashion, we are of the view that the judge should have charged the jury that the amount covered in the policy is the only amount recoverable in this action.

We have considered the last question, submitted by counsel for the Insurance Company, to the effect that the judge erred in commenting upon questions included in the application. We are convinced that the statement of the trial judge, if erroneous, was not prejudicial so as to affect the result.

We remand the case to the lower court for entry of judgment of that amount which counsel agree upon or, counsel

failing to agree upon an amount, the court shall calculate the same after notice and enter up judgment accordingly.

Affirmed in part; reversed in part; remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.