**Robert George WATKINS, Plaintiff,**

v.

**M & M TANK LINES, INC., Defendant.**

**Civ. A. No. 80–1803–1.**

United States District Court,
D. South Carolina,
Charleston Division.

Dec. 7, 1981.

J. Robert Peters, Jr., Peters, Murdaugh, Parker, Eltzroth & Detrick, P. A., Hampton, S. C., for plaintiff.

Raymond S. Baumil and Cody W. Smith, Jr., Solomon, Kahn, Smith & Baumil, Charleston, S. C., for defendant.

## ORDER

HAWKINS, District Judge.

This case arises out of an automobile-truck collision which occurred in Allendale County, South Carolina, on April 3, 1975. Plaintiff Robert George Watkins was driving an automobile owned by his mother, Marie L. Cadle; the truck was being driven

by an employee of defendant M & M Tank Lines, Inc. who was admittedly acting within the course and scope of his employment.

The court feels it would be helpful to set forth prior developments arising out of the collision in question before it considers the issues involved. An initial law suit was filed against the within defendant in the Court of Common Pleas for Hampton County, South Carolina, by Marie L. Cadle, to recover for damages to her automobile. That suit was subsequently settled before trial. Thereafter, the within plaintiff brought an action against this defendant in the Court of Common Pleas for Hampton County. Defendant removed the case to this court, and on February 22, 1980, the case was voluntarily dismissed without prejudice by order of the Honorable Sol Blatt, Jr. The present action was then filed on September 26, 1980. Discovery was completed and a jury was drawn in February 1981, but the case was not reached for trial. Thereafter, plaintiff's ex-wife, Barbara Watkins, in March 1981, filed a suit for loss of consortium against defendant M & M Tank Lines, Inc. in the Court of Common Pleas for Hampton County. Barbara Watkins was legally married and living with this plaintiff at the time of the collision in April 1975; however, the parties separated in 1979 and were later divorced. The loss of consortium action was tried on September 29, 1981, resulting in a verdict for the plaintiff of five thousand dollars actual damages. All post-trial motions in that case were denied, and no notice of intention to appeal was filed.

Plaintiff's motion for summary judgment only as to liability is now before this court. The motion was heard on November 2, 1981, at which time this court orally granted plaintiff's motion. The purpose of this order is to set forth the considerations of the court in granting this motion.

Plaintiff argued that his motion should be granted pursuant to the doctrine of offensive collateral estoppel. Specifically, he argued that defendant M & M Tank Lines, Inc. should be barred from raising a defense as to liability in the instant case inasmuch as the prior loss of consortium action involved the same issues of negligence and contributory negligence which were joined, litigated and concluded adversely to the defendant.

Because of the fact that the loss of consortium action was tried prior to the establishment of the defendant's liability and not contemporaneously with or subsequent to the establishment of liability, this case presents the rather unique issue of whether a finding of liability in the loss of consortium case is dispositive of the liability issue in subsequent cases arising from the same facts.

This is a diversity action; therefore, this court is governed by the substantive law of the State of South Carolina. See, Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Graves v. Associated Transport, Inc., 344 F.2d 894, 896 (4th Cir. 1965); Birnbaum v. Hall, 101 F.Supp. 605, 607 (E.D.S.C.1951). Defendant M & M Tank Lines, Inc. would have this court look to three South Carolina Supreme Court cases, Hiott v. Contracting Services, 281 S.E.2d 224 (S.C.1981); Gillespie v. Ford, 225 S.C. 104, 81 S.E.2d 44 (1954); and Priester v. Southern Ry. Co., 151 S.C. 433, 149 S.E. 226 (1929), for the proposition that South Carolina has clearly established that a suit for personal injuries by an injured spouse and an action for loss of consortium by the husband or wife of an injured spouse are two separate causes of action involving different parties, and that neither the doctrines of res judicata nor collateral estoppel would bar a subsequent action by either spouse regardless of the outcome of the earlier action. In light of the fact that the Hiott and Gillespie opinions merely quote pertinent language from the Priester opinion without further analysis of the legal issues, the review of South Carolina law by this court will focus on the Priester opinion.

The Priester case involved an action brought in state court by a husband for damages resulting from the loss of service and companionship and expenses suffered by him as a result of injuries suffered by his wife in an automobile-train collision.

The defendant appealed a jury verdict for the husband and on appeal argued that it should have been granted a directed verdict by the trial judge because the wife had been unsuccessful in a prior federal court action brought by her and her husband against the same defendant for damages incurred as a result of her injuries. *Priester* at 435–436, 149 S.E. at 226–227. The South Carolina Supreme Court affirmed the circuit court stating that "[t]he causes of action in the two cases are entirely different and distinct, and the judgment in favor of the defendants in an action on one is not a bar to an action on the other." *Id.* at 436, 149 S.E. at 227.

This court is of the opinion that the *Priester* case is not wholly dispositive of the situation now before this court. The *Priester* court had before it the wife's suit for personal injuries and a suit brought by the husband at common law for damages incurred as a result of "loss of services and companionship and expenses" suffered by him as a result of the injuries to his wife. *Id.* This court now has before it the wife's suit pursuant to South Carolina Code section 15–75–20, passed in 1969, which allowed her a cause of action for damages incurred as a result of her loss of "companionship, aid, society and services" of her husband. S.C.Code Ann. § 15–75–20 (1976). The *Priester* court was faced with having to bar the husband's action in its entirety pursuant to the res judicata issue before it. In this case presently before the court, the issue is one of collateral estoppel, that is, whether to bar the relitigation of the issue of defendant's liability.[1]

In considering the assertion of offensive collateral estoppel raised by plaintiff Robert George Watkins, this court has found no reported South Carolina Supreme Court cases of assistance. However, this court finds guidance in the United States Supreme Court case of *Parklane Hosiery Co.,*

*Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

In *Parklane,* the Supreme Court considered the offensive use of collateral estoppel and concluded the following:

> We have concluded that the preferable approach ... in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied. The general rule should be that in cases where a plaintiff could easily have joined in the earlier action or where ... the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel.

*Id.* 439 U.S. at 331, 99 S.Ct. at 651–52 (footnote omitted).

Obviously, Robert George Watkins, plaintiff herein, could not have joined his wife, Barbara, as a co-plaintiff in her prior action for the loss of his consortium. The only proper party to bring such an action was Barbara Watkins. *See,* S.C.Code Ann. § 15–75–20 (1976). Thus, the sole question that remains is whether the application of offensive estoppel would be unfair to defendant M & M Tank Lines, Inc. The Court in *Parklane* noted three situations where it might be unfair to a defendant to apply offensive collateral estoppel.

> If a defendant in the first action is sued for small or nominal damages, he may have little incentive to defend vigorously, particularly if future suits are not foreseeable .... Allowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant. Still another situation where it might be unfair to apply offensive collateral estoppel is where the second action affords the de-

---

1. Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. 1B J. Moore, Federal Practice § 0.405[1], pp. 622–624 (2d ed. 1974).

fendant procedural opportunities unavailable in the first action that could readily cause a different result.

*Id.* 439 U.S. 330, 99 S.Ct. at 651 (citations omitted). Having considered the record in this case and being mindful of the fairness to be afforded the defendant, it is the conclusion of this court that offensive collateral estoppel should be applied in this case.

Nothing in the record indicates that defendant M & M Tank Lines, Inc. should not have had the incentive to vigorously defend the prior loss of consortium action. At the time the loss of consortium action was tried, the issue of the liability of defendant M & M Tank Lines, Inc. for the personal injuries suffered by Robert George Watkins had not been litigated or in any manner disposed of. Clearly, a future suit dealing with this issue was foreseeable and imminent. Given this real possibility of relitigating identical issues in a subsequent suit with the privy of the plaintiff in the loss of consortium action, the attorneys involved in litigating the loss of consortium action should have been mindful of the possible application of collateral estoppel in a subsequently filed suit like the one presently before this court. *See generally, Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 328–329, 91 S.Ct. 1434, 1442–43, 28 L.Ed.2d 788 (1971). This court is not persuaded that it would be unfair to allow the loss of consortium action to serve as a bar simply because of the bare statement in the affidavit filed by the attorney for the defendant which stated that the defendant was unable to defend the prior action vigorously.

The record does not reveal a judgment in favor of defendant M & M Tank Lines, Inc. which arose prior to the adverse judgment rendered in the loss of consortium action. Thus, the second situation discussed by the Supreme Court in *Parklane* cannot be relied upon by defendant to persuade this court of any unfairness it would suffer if the judgment in the loss of consortium action was allowed to serve as a bar to the relitigation of the liability of the defendant.

■ It remains for consideration whether this action affords defendant M & M Tank Lines, Inc. procedural opportunities unavailable in the loss of consortium action that could really bring about a different result in this case now before the court. In his affidavit filed November 6, 1981, defendant's attorney refers to one additional procedural opportunity which would be available to the defendant in this present action which was unavailable in the prior loss of consortium action brought in state court. Specifically, the attorney for the defendant states that discovery procedures presently available to the defendant were not available in the prior action. While this court would take judicial notice of the fact that discovery procedures in the courts of the State of South Carolina are more limited than the procedures afforded litigants in the federal courts, *see,* H. Lightsey, Jr., *Code Pleadings* (1976) at pp. 265–276, it would not be the conclusion of this court that this fact alone would make the application of offensive collateral estoppel unwarranted. It should be noted that neither the affidavit of the defense attorney nor any other part of the record sets forth what specific discovery procedures were unavailable in the state court action which defendant M & M Tank Lines, Inc. would have used to have presented a more vigorous defense in the prior action.

■ It is, therefore, the opinion of this court that if the South Carolina Supreme Court was to consider the present case, the court would in light of *Parklane* apply offensive collateral estoppel so as to bar the relitigation of the issue of the liability of defendant M & M Tank Lines, Inc. in this action.

It is thus the order of this court that plaintiff Robert George Watkins' motion for summary judgment as to liability in this case be, and the same is hereby, granted. It is further

ORDERED, that since this decision involves controlling questions of law as to which there are substantial grounds for difference of opinion, and immediate appeal from this order may materially advance the

ultimate termination of the litigation, the defendant is hereby granted, pursuant to section 1292(b) of title 28 of the United States Code, the right to seek immediate relief, if it be so advised, in the Court of Appeals for the Fourth Circuit. Pending the seeking of such relief, further proceedings in this court are hereby stayed.

AND IT IS SO ORDERED.