0157

Paul Allen BEALL, Respondent, v. John DOE and Larry Conerly, Defendant,
of whom Larry Conerly is Appellant. Appeal of CONERLY (Larry).

(315 S. E. (2d) 186)

Court of Appeals

April 23, 1984.

*J. Reese Daniel*, Columbia, *for appellant.*

*John K. Koon, Robert A. McKenzie*, and *Thomas K. Fowler, Jr.*, Columbia, *for respondent.*

April 23, 1984.

GOOLSBY, Judge:

In this personal injury action, the appellant Larry Conerly appeals from a finding by the trial court that he is collaterally estopped from asserting that he was *not* the driver of an automobile which injured the respondent Paul Allen Beall. We affirm.

On April 15, 1979, Beall was operating a motor vehicle on Columbia College Drive in the City of Columbia, South Carolina. The owner of the automobile, Margaret Shaye Sheppard, was his passenger. While waiting to make a left turn, they were struck from behind by a motor vehicle owned by Conerly. Immediately after the collision, the driver of the Conerly automobile jumped from the vehicle and fled the scene.

Beall and Sheppard later brought separate actions against Conerly and John Doe. He sought damages for personal injuries and she sought damages for personal injuries and property damages. Both complaints alleged identical specifications of negligence against the driver of the Conerly automobile.

The pertinent part of the Beall complaint read:

> 4. That on or about the 15th day of April, 1979, the Plaintiff was driving in an easterly direction on Columbia College Drive in the City of Columbia, South Carolina; that the Defendant, LARRY CONERLY, who owns a 1971 Pontiac Automobile, which was titled in his name, was also driving his car in an easterly direction on Columbia College Drive; and that when the Plaintiff stopped to make a left turn, the Defendant ran into his vehicle and left the scene of the accident. That if LARRY CONERLY were not the driver of the 1971 Pontiac Automobile, then JOHN DOE, an unknown driver, was driving the vehicle and committed the aforesaid acts.

The Sheppard complaint similarly alleged:

4. That on or about the 15th day of April, 1979, the Plaintiff was a passenger in her car which was being driven by Paul Allen Beall in an easterly direction on Columbia College Drive in the City of Columbia, South Carolina; that the Defendant LARRY CONERLY, who owns a 1971 Pontiac Automobile, which was titled in his name, was also driving his car in an easterly direction on Columbia College Drive; and that when the vehicle in which the Plaintiff was riding stopped to make a left turn, the Defendant ran into it and left the scene of the accident. That if LARRY CONERLY were not the driver of the 1971 Pontiac Automobile, then JOHN DOE, an unknown driver, was driving the vehicle and committed the aforesaid acts.

The answers of both defendants denied that they were driving the Conerly vehicle.

Sheppard's case reached trial before Beall's. During the trial, which Conerly did not attend, Sheppard published Conerly's deposition. At the close of the evidence, the jury was instructed that either Conerly or Doe was responsible for any damages sustained by Sheppard and that the question of damages and the identity of the driver of the Conerly automobile were for the jury to determine. The jury returned a verdict in favor of Sheppard against Conerly. No appeal was taken by Conerly from the verdict and judgment.

Two months later, the Beall case was called for trial. At the call of the case and upon Beall's motion, the trial judge, who had also presided over the trial of Sheppard's action against Doe and Conerly, held that Conerly was collaterally estopped from denying that he was driving the automobile that hit the Sheppard vehicle since the issue had been fully litigated in the first trial and further litigation of the identical issue was precluded by the former judgment. A judgment in Beall's favor was later granted in a stipulated amount. Doe was dismissed as a party defendant on the ground of collateral estoppel because the prior trial established that Doe was not the driver of the car that injured Beall and Sheppard. Beall did not appeal Doe's dismissal.

Conerly argues first that the trial court erred in applying the doctrine of collateral estoppel *sua sponte* because it had not been pleaded.

We agree that, as a general rule, a former adjudication must be pled in order to make the doctrine of collateral estoppel operative in a particular case. *S. C. Department of Social Services v. Thompson,* 273 S. C. 569, 257 S. E. (2d) 747 (1979); *Connell v. Connell,* 249 S. C. 162, 153 S. E. (2d) 396 (1967); *Clifton v. Darlington Finance Co.,* 231 S. C. 672, 100 S. E. (2d) 404 (1957). But like most general rules, the requirement that collateral estoppel be pled has its exceptions. One such exception is "where the matter constituting the estoppel . . . becomes an issue without objection based upon the lack of pleading." 46 Am. Jur. (2d) *Judgments* § 584 at 748 (1969).

At no time did Conerly raise any objection to the issue of collateral estoppel being determined by the trial court on the ground that the issue had not been framed by the pleadings; therefore, Conerly waived any objection which he might otherwise have had to the trial court's consideration of the issue of whether the former adjudication precluded Conerly from denying that he was the driver of the automobile in question.

Conerly next maintains that the adjudication in the prior action of the issue concerning the identity of the Conerly automobile's driver did not operate to preclude or estop him from denying he was the driver of that car in the later action because the plaintiffs were neither identical nor in privity. In other words, he argues that collateral estoppel, especially where asserted offensively, requires mutuality and in this instance none was demonstrated.

In *Graham v. State Farm Fire and Casualty Ins. Co.,* 277 S. C. 389, 391, 287 S. E. (2d) 495, 496 (1982), the Supreme Court held that a lack of privity would not prevent the application of the defense of collateral estoppel where "the party adversely affected had a full and fair opportunity to litigate the relevant issue effectively in the prior action." *See also Watson v. Goldsmith,* 205 S. C. 215, 31 S. E. (2d) 317 (1944); *Jenkins v. Atlantic Coast Line R. Co.,* 89 S. C. 408, 71 S. E. 1010 (1910); *cf. Cooper v. John Hancock Mutual Life Ins. Co.,* 248 S. C. 534, 151 S. E. (2d) 668 (1966); *Kirby v. Gulf Oil Corp.,* 230 S. C. 11, 94 S. E. (2d) 21 (1956).

Approximately ten months after *Graham* was decided, the South Carolina Supreme Court issued its decision in *Irby v. Richardson*, 278 S. C. 484, 298 S. E. (2d) 452 (1982). In that case, the plaintiff brought a legal malpractice action against an attorney who had represented him in a domestic action initiated by his wife. The Supreme Court held, among other things, that the doctrine of collateral estoppel precluded the plaintiff from relitigating in the legal malpractice action an issue finally determined against the plaintiff in the domestic action even though the attorney was not a party to that action.

Both *Graham* and *Irby* involved the defensive application of nonmutual collateral estoppel. Here, however, nonmutual collateral estoppel is asserted offensively. So far as we can determine, no appellate court of this state has been asked to decide whether the doctrine of collateral estoppel can be applied so as to preclude a defendant in a personal injury action from contesting a particular issue that has been decided against the defendant in a previous action brought by a stranger to the subsequent action.

We are aware of *Watkins v. M. & M. Tank Lines, Inc.*, 694 F. (2d) 309 (4th Cir. 1982), a diversity action, which was neither cited nor called to our attention by either party. There, the United States Court of Appeals for the fourth Circuit reversed the district court's holding that under South Carolina law the doctrine of offensive collateral estoppel would preclude the relitigation of the issue of liability where the issue was decided adversely to the defendant in a prior action. *See Watkins v. M. & M. Tank Lines, Inc.*, 527 F. Supp. 290 (D.S.C. 1981). In holding "that the South Carolina Supreme Court would refuse to apply collateral estoppel at all" [694 F. (2d) at 312] in that situation, the United States Court of Appeals relied upon *Priester v. Southern Ry.*, 151 S. C. 433, 149 S. E. 226 (1929) and its progeny, *Gillespie v. Ford*, 222 S. C. 46, 71 S. E. (2d) 596 (1952), and *Hiott v. Contracting Services*, 276 S. C. 632, 281 S. E. (2d) 224 (1981). The district court held that *Priester*, which both *Gillespie* and *Hiott* expressly relied upon, was not dispositive of the issue of whether the South Carolina Supreme Court would apply collateral estoppel to the facts of that case. As the district court read *Priester*, the issue in that case concerned whether the doctrine of *res judicata* barred a plaintiff's action in its entirety

and not whether the doctrine of collateral estoppel barred relitigation of the liability issue.[1] 527 F. Supp. at 291-92. The United States Court of Appeals, however, concluded that issue preclusion involving both doctrines were before the court in *Priester*, 694 F. (2d) at 312.

The United States Court of Appeals, we feel, missed the point. The real issue, it seems to us, did not involve the question of whether *Priester, Gillespie,* and *Hiott* held that the defense of collateral estoppel will not bar the prosecution of a claim when there has been a judgment in favor of the defendant in an earlier action based on an entirely different and distinct claim. Indeed, there was in *Watkins* no judgment in *favor* of the defendant as there was in *Priester, Gillespie,* and *Hiott. See also Peeples v. Seaboard Air Line Ry.*, 115 S. C. 115, 104 S. E. 541 (1920). The question which the court should have addressed, particularly in view of *Graham*, was whether or not the party adversely affected, M. & M. Tank Lines, Inc., "had a full and fair opportunity to litigate the issue in the prior action." *Graham v. State Farm Fire and Cas. Ins. Co.*, 287 S. E. (2d) at 496. With all due respect to the United States Court of Appeals, we think that the United States District Court correctly decided *Watkins.*

The doctrine of nonmutual offensive collateral estoppel has been conditionally approved by the United States Supreme Court in *Parklane Hosiery Co. v. Shore*, 439 U. S. 322, 99 S. Ct. 645, 58 L. Ed. (2d) 552 (1979). *See United States v. Mendoza*, ____ U. S. ____ , _____ , 104 S. Ct. 568, 571-72, 78 L. Ed. (2d) 379, 383-84 (1984). Nonetheless, the courts are divided over whether to permit its use. *Hossler v. Barry*, 403 A. (2d) 762, 769 (Me. 1979). As we mentioned, there is no South Carolina case to guide us. *Watkins v. M. & M. Tank Lines, Inc.*, 527 F. Supp.

---

[1] The doctrines of *res judicata* and collateral estoppel are, of course, two different concepts. A final judgment on the merits in a prior action will conclude the parties and their privies under the doctrine of *res judicata* in a second action based on the same claim as to issues actually litigated and as to issues which might have been litigated in the first action. Under the doctrine of collateral estoppel, on the other hand, the second action is based upon a different claim and the judgment in the first action precludes relitigation of only those issues "actually and necessarily litigated and determined in the first suit." Stewart, *Res Judicata and Collateral Estoppel in South Carolina,* 28 S. C. L. Rev. 451, 452 (1977). *See also Lowe v. Clayton*, 264 S. C. 75, 212 S. E. (2d) 582 (1975); *Hart v. Bates*, 17 S. C. 35 (1882).

at 292; *see* Comment, *Annual Survey of South Carolina Law, Defensive Collateral Estoppel: Privity No Longer a Requirement*, 35 S. C. L. Rev. 107 at 110-11 (1983).

Sound reasons, however, support the offensive use of ■  collateral estoppel.

In the abstract, there is no legitimate reason to permit a defendant who has already thoroughly and vigorously litigated an issue and lost the opportunity to relitigate the identical question, already once decided, simply because he now faces a different plaintiff who for due process reasons could not be adversely bound by the prior judgment. The public interest demands an end to the litigation of the same issue. Principles of finality, certainty, and the proper administration of justice suggest that a decision once rendered should stand unless some compelling countervailing consideration necessitates relitigation.

*Hossler v. Barry*, 403 A. (2d) at 769; *see Graham v. State Farm Fire and Cas. Ins. Co.*, 287 S. E. (2d) at 496. We therefore hold that nonmutual collateral estoppel may be asserted offensively and that the trial court correctly applied the doctrine in this instance.

In our view, a fair rule regarding the application of ■  issue preclusion in subsequent litigation with different parties is the rule recently formulated by the American Law Institute. *See* RESTATEMENT (SECOND) of JUDGMENTS § 29 at 291-92 (1982). Because the rule is perfectly in accord with *Graham* and *Irby* and because it represents a "more flexible modern view" [*Allesandra v. Gross*, 187 N. J. Super. 96, 453 A. (2d) 904, 908 (1982)], we adopt it as the rule by which to determine whether a party in South Carolina is precluded from relitigating an issue with a nonparty. The rule provides:

§ 29. Issue Preclusion in Subsequent Litigation with Others

A party precluded from relitigating an issue with an opposing party, in accordance ith §§ 27 and 28, is also precluded from doing so with another person unless the fact that he lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify

affording him an opportunity to relitigate the issue. The circumstances to which considerations should be given include those enumerated in § 28 and also whether:

(1) Treating the issue as conclusively determined would be incompatible with an applicable scheme of administering the remedies in the actions involved;

(2) The forum in the second action affords the party against whom preclusion is asserted procedural opportunities in the presentation and determination of the issue that were not available in the first action and could likely result in the issue being differently determined;

(3) The person seeking to invoke favorable preclusion, or to avoid unfavorable preclusion, could have effected joinder in the first action between himself and his present adversary;

(4) The determination relied on as preclusive was itself inconsistent with another determination of the same issue;

(5) The prior determination may have been affected by relationships among the parties to the first action that are not present in the subsequent action, or apparently was based on a compromise verdict or finding;

(6) Treating the issue as conclusively determined may complicate determination of issues in the subsequent action or prejudice the interests of another party thereto;

(7) The issue is one of law and treating it as conclusively determined would inappropriately foreclose opportunity for obtaining reconsideration of the legal rule upon which it was based;

(8) Other compelling circumstances make it appropriate that the party be permitted to relitigate the issue.

In order, however, to assert collateral estoppel successfully, the party seeking issue preclusion still must show that the issue was actually litigated and directly determined in the prior action and that the matter or fact directly in issue was necessary to support the first judgment. *Lowe v. Clayton,* 264 S. C. 75, 212 S. E. (2d) 582 (1975); *Hart v. Bates,* 17 S. C. 35 (1882); *see also* Stewart, *Res. Judicata and Collateral Estoppel in South Carolina,* 28 S. C. L. Rev. 451, 470-74 (1977); *Allesandra v. Gross,* 453 A. (2d) at 909, RESTATEMENT (SECOND) OF JUDGMENTS § 27 at 250 (1982); *Id.* § 29,

Comment a at 292. Those requirements were met in the instant case. In the action brought by Sheppard, the issue of whether Doe or Conerly was the driver of the automobile in question was one framed by the pleadings. The jury directly determined that Conerly was the driver when it returned a verdict against him in favor of Sheppard. The finding of fact that he was the driver of the car that struck the vehicle in which Sheppard and Beall were riding obviously was necesary to support the judgment obtained by Sheppard. Indeed, Conerly does not contend otherwise.

Conerly does complain, however, about the trial court's including as a part of the record on appeal in this case the pleadings from the companion case styled *Sheppard v. Doe and Conerly*. Those pleadings disclose that the identity of the other automobile's driver was an issue in that action.

Conerly is correct, of course, that records in another proceeding cannot be considered by an appellate court unless they were introduced and made a part of the record in the same manner as other evidence. 4 Am. Jur. (2d) *Appeal & Error* § 509 at 947 (1962); *see Betsill v. Betsill*, 187 S. C. 50, 196 S. E. 381 (1938). But we need not decide the question of whether the trial court in this instance properly included the pleadings from Sheppard's case in the record on appeal because Conerly did not challenge by an exception references by the trial court to the Sheppard pleadings in its order granting Beall judgment. If the trial court committed any error in including in the record on appeal the pleadings from the companion action, we fail to see how it prejudiced Conerly when the order appealed from, itself a part of the record on appeal, quotes pertinent portions of the Beall and Sheppard complaints and otherwise refers to both pleadings. *See JKT Company, Inc. v. Hardwick*, 274 S. C. 413, 265 S. E. (2d) 510 (1980). Had Conerly wished to question the consideration by the trial court of the pleadings and other records and matters in the earlier action, it was encumbent upon him to raise the issue by proper exceptions. *Matthews v. Montgomery*, 193 S. C. 118, 7 S. E. (2d) 841, 854 (1940); *see Knight v. Lee*, 262 S. C. 17, 202 S. E. (2d) 19 (1974).

Conerly also argues that he was denied a fair and impartial trial because the trial judge threatened him with a possible perjury charge if he testified he was not the driver of the

automobile that rammed the car operated by Beall. At one point during argument on the issue of collateral estoppel, the trial judge stated, "I'm ruling that Mr. Conerly was the driver of the vehicle. . . . If he wants to take the stand and say he wasn't the driver, *caveat emptor.*"

Before comments by the trial judge can be deemed to constitute reversible error, it must appear that the remarks were improper and clearly prejudicial. 5A C.J.S. *Appeal & Error* § 1712 at 848 (1958); *see Holmes v. Nationwide Life Ins. Co.*, 273 S. C. 711, 258 S. E. (2d) 924 (1979).

We fail to see how the trial judge's comments were improper. Nothing about them warrants the inference that the trial judge was threatening Conerly with a perjury charge. As we interpret his remarks, the trial judge was simply alluding to a credibility problem Conerly might encounter should he testify that he was not the driver of the offending vehicle notwithstanding the fact that the trial judge was ruling as a matter of law that he was the driver.

In any case, the trial judge's remarks, even if improper, were not prejudicial so as to affect the result. At the suggestion of Conerly's own counsel, Beall's action was conditionally disposed of by stipulation in the amount of $5,000 without anyone having testified, including Conerly.

Concerning that stipulation, Conerly contends that he never agreed to a judgment in Beall's favor; rather, Conerly says, he merely stipulated that Beall's damages were $5,000 and that he would pay damages in that amount in the event the trial court's ruling on collateral estoppel was upheld. Because we affirm the trial court's ruling on the issue of collateral estoppel, we need not decide the question of whether Conerly consented to a judgement in Beall's favor.

For the reasons given, the judgment appealed from is

Affirmed.

GARDNER and CURETON, JJ., concur.