0391

Jo Anne Mary JORDAN, Appellant, v. Larry Wayne JORDAN, Respondent.
(326 S. E. (2d) 416)

Court of Appeals

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Raymond Halford,* and *Asst. Atty. Gen. Nan L. Black,* Columbia, and *Asst. Atty. Gen. William G. Rhoden,* Spartanburg, *for appellant.*

*Stephen F. Belden* and *David L. DeVane,* Charleston, *for respondent.*

Heard Nov. 14, 1984.

Decided Feb. 6, 1985.

GARDNER, Judge:

This is a child support action forwarded to the State of South Carolina from the State of New Jersey under it Uniform Reciprocal Enforcement of Support Act, which admittedly is substantially the same as the South Carolina Act, Sections 20-7-960, *et seq.* Code of Laws of South Carolina

(1976), as amended. Appellant Jo Anne Mary Jordan (the mother), on behalf of her minor child, brought the action against her former husband, Larry Wayne Jordan (Jordan) for the support of Guy Duane Jordan, her son allegedly born of the former marriage of the parties. The husband alleged in his answer the defense of *res judicata* based upon a California divorce decree. The appealed order dismissed the action on the grounds of *res judicata* and collateral estoppel based upon the California divorce decree and also the dismissal of a similar petition forwarded to the State of Maine. We disagree and reverse.

The issues on appeal are whether the trial judge erred in dismissing the petition because litigation of the paternity issue is barred by collateral estoppel and *res judicata* based upon (1) the California divorce decree and (2) the petition in Maine for support which was dismissed.

The dates of importance are: (1) on December 7, 1972, the parties separated, (2) on December 20, 1972, Jordan instituted a divorce action against the wife, (3) on January 4, 1973, an interlocutory decree was issued by the California court, (4) on September 23, 1973, Guy Duane Jordan, the minor child of this action, was born, and (5) on February 8, 1974, the California court issued its final decree of divorce.

The interlocutory judgment of dissolution of marriage issued by the California court was partially on a printed form and partially typed on legal sheets impressed with Jordan's attorney's name. From reading the interlocutory decree, it is obvious that an agreement was reached between the parties. The final decree reflected the fact that the wife appeared.

The final divorce was granted on the grounds of irreconcilable differences.

The husband's petition in the California courts alleged that no children had been born of the marriage and this was true on December 21, 1972, when the summons and petition were served upon the wife. It is significant that this allegation of the complaint was not proved by Jordan and the final decree contained no decision about whether a child was born of the marriage.

The only record before us of the petition in the Maine court is a machine copy of the petition; this reflects that it was on a Uniform Reciprocal Enforcement of Support Act form, the

caption of which had been completed but the body of which had not been completed; a broad "X" had been marked over the body of the petition; endorsed on this document were the words "petition dated September 4, 1974, dismissed." This is the sole record before us. No mention is made of whether the petition was ever served on Jordan or of whether Jordan was a resident of Maine at the time.

We first hold that the trial court erred in basing its decision upon the dismissal endorsed upon the incomplete petition for support in the courts of Maine. This matter was not pleaded by Jordan; it was an affirmative defense and having not been pleaded, it could not have properly been the basis of a finding of *res judicata* or collateral estoppel in this case. *Beall v. Doe* 281 S. C. 363, 315 S. E. (2d) 186 (S. C. App. 1984). Furthermore, the record does not reflect whether the Maine Court ever acquired jurisdiction over Jordan.

That both actions be between the same parties or their privies is basic to the doctrine of *res judicata. Beall v. Doe, supra. H. G. Hall Construction Co., Inc. v. J.E.P. Enterprises*, 321 S. E. (2d) 267 (S. C. App. 1984). This elementary requirement of the doctrine of *res judicata* does not exist in the case before us. Section 20-7-1070, Code of Laws of South Carolina (1976), as amended, of the Uniform Reciprocal Enforcement of Support Act, provides that a complaint may be brought on behalf of a minor by a person having legal custody of the minor without the appointment of a Guardian *ad Litem.* This action is brought on behalf of Guy Jordan,[1] who was not a party to the action in California between Jo Anne Mary Jordan and Larry Wayne Jordan. We, therefore, hold this is not an action between the same parties. Because of this elementary law, we hold that the trial judge erred in finding Guy Duane Jordan barred by the doctrine of *res judicata.*

A decision in the former case about an issue in dispute adverse to the party of the later litigation against whom collateral estoppel is asserted is the threshold

---

[1] The statement of the case describes the action as "a support action forwarded from the State of New Jersey under the Uniform Reciprocal Enforcement Act, Section 20-7-110, *et seq.*, Code of Laws of South Carolina (1976), as amended." This is also specifically alleged in the complaint.

principle of the doctrine of collateral estoppel; this is also known as issue preclusion. *See Beall v. Doe, supra.* We do not have such a situation in the instant case. Jordan alleged in his California divorce petition that no children had been born of the marriage — a statement true when alleged, but Jordan offered no proof in the California action of this allegation and there was no decision made by the California court about the paternity of the child, Guy Duane Jordan, for whom support is sought in this case. Since paternity was not an issue in the California case and since there was no decision in the California court about the paternity of Guy Duane Jordan, there can be no collateral estoppel in this case as to that issue, and we so hold.

Additionally we hold defensive collateral estoppel to be affirmative defense. *Beall v. Doe, supra.* Jordan did not plead it and the trial court erred in making it a basis of his decree.

For the reasons stated, the appealed order is reversed and the case is remanded.

Reversed and remanded.

SANDERS, C. J., and BELL, J., concur.