COX, Circuit Judge,
dissenting:
The issue on this appeal is whether the doctrine of collateral estoppel applies to bar Richardson from relitigating a South Carolina state court’s finding that Richardson’s negligence proximately caused an accident. Richardson argues that because he was not represented by counsel during the state hearing, he did not then have a full and fair opportunity to litigate the negligence issue. Consequently, Richardson contends that South Carolina’s earlier finding of negligence cannot undergird the defensive use by Miller and Sims of collateral estoppel in this federal action. Miller and Sims maintain that the South Carolina rules on collateral estoppel do allow them to use defensively the state court’s finding that Richardson was negligent.
The United States Constitution, Article IV, mandates that full faith and credit be given to the “judicial proceedings of every other state ...” See also 28 U.S.C. § 1738. Consequently, it is well-settled that:
[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.
Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). For this reason, all parties are correct to conclude that the determination of this case turns on an analysis of South Carolina law.
In Beall v. Doe, 281 S.C. 363, 315 S.E.2d 186 (1984), the South Carolina Supreme Court embraced the Restatement (Second) of Judgments’ rule of collateral estoppel or issue preclusion. This rule requires that the party against whom defensive collateral es-toppel is asserted must have had a full and fair opportunity to litigate the issue in the first action. Id. 315 S.E.2d at 190. This is the crux of Richardson’s argument. He contends, specifically, that because his employer, Saturday Moving, filed for bankruptcy on the day of the trial, because the attorney representing Saturday and Richardson failed to appear, and because he did not have the time to find another attorney, he did not have a full and fair opportunity to litigate the negligence issues. In essence, then, Richardson asks this court to recognize an absence-of-lawyer or ineffective assistance of trial counsel exception under the South Carolina rules on collateral estoppel.
Richardson can cite no case law to support his contention that the absence of a party’s lawyer at trial is a factor to be considered in determining whether that party had a full and fair opportunity to contest a decision. South Carolina has never articulated such an exception.
Moreover, the district court noted that Richardson’s attorney, Bilbro, did continue to represent Richardson even though Bilbro was not at trial. Richardson apparently obtained the benefit of an agreement that no judgment would be collected from him.
I concur with the district court’s conclusion that Richardson had a full and fair opportunity to litigate the issue of his negligence and its proximate results, even if he did not take full advantage of that opportunity. I would affirm the district court’s judgment.