**C.B. MARCHANT COMPANY, INC., Appellant,**

v.

**EASTERN FOODS, INC., Appellee.**

No. 84–1180.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 1, 1984.
Decided March 1, 1985.

Charles E. Carpenter, Jr., Columbia, S.C. (F. Barron Grier, III, Frederick A. Crawford, Richardson, Plowden, Grier & Howser, Columbia, S.C., on brief), for appellant.

Edward M. Woodward, Jr., Columbia, S.C. (Woodward, Unger & Herndon, Columbia, S.C., on brief), for appellee.

Before HALL, PHILLIPS and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge.

This is an appeal from the district court's denial of summary judgment for C.B. Marchant Company, Inc. in its action against Eastern Foods, Inc. on a debt owed by B & B Produce Processors, Inc. Marchant claimed, among other things, that B & B had merged with Eastern and, consequently, that Eastern was liable to Marchant on the debt. In the district court, Marchant moved for summary judgment on the ground of collateral estoppel, contending that this court previously decided that there had been a *de facto* merger between Eastern and B & B. *R.C. McEntire & Co. v. Eastern Foods, Inc.*, 702 F.2d 471 (4th Cir.1983). The district court denied the motion for summary judgment, but certified its order for appeal to this court under 28 U.S.C. § 1292(b). We affirm and remand to the district court.

Marchant is a South Carolina corporation that sells produce. Over a period of time it supplied produce to B & B, extending it considerable credit. Through various agreements with B & B, Eastern took over the operations of that company, and in July 1983 Marchant brought an action against Eastern for the debt owed it by B & B in the amount of $186,283.35. The sole basis of liability alleged by Marchant was that Eastern and B & B had merged and that Eastern thus was responsible for all of B & B's obligations. Because Marchant moved for summary judgment, the factual issues relating to the alleged merger were not tried in the district court.

This court, in *McEntire*, decided an appeal involving facts analogous to those un-

derlying the instant controversy. McEntire was a food processor who likewise extended credit in selling produce to B & B and later brought an action against Eastern to recover the debt that B & B had accumulated. However, in *McEntire* there existed an independent agreement providing that Eastern would satisfy the debt owed by B & B if McEntire would withdraw an informal complaint that it had filed against B & B with the United States Department of Agriculture. Accordingly, the issue of Eastern's liability was presented to the jury on both *de facto* merger and breach of contract theories. The jury returned a general verdict granting judgment to McEntire but did not indicate upon which ground the verdict was based.

In view of this, it cannot be said that all the elements necessary to invoke the doctrine of offensive collateral estoppel exist. ▮ In *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), the Supreme Court identified certain considerations to be examined by the district court in deciding whether the offensive use of non-mutual collateral estoppel is justified: (1) whether the plaintiff in the second action could have joined in the first suit; (2) whether the party against whom collateral estoppel is asserted vigorously prosecuted the first action; (3) whether the judgment relied upon as the basis for the estoppel is inconsistent with one or more previous judgments; and (4) whether the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result. 439 U.S. at 330–32, 99 S.Ct. at 651–52. The offensive use of collateral estoppel has also been approved by the South Carolina Court of Appeals in *Beall v. Doe,* 281 S.C. 363, 315 S.E.2d 186 (S.C.App.1984).[1] Both cases further recognize that the preclusive effect of the prior judgment extends only to is-

sues actually litigated and necessary to the outcome of the first action. *Parklane Hosiery,* 439 U.S. at 326 n. 5, 99 S.Ct. at 649 n. 5; *Beall,* 315 S.E.2d at 191.

▮ It was once the rule that "if a court decided a case on two grounds, each is a good estoppel." *Irving National Bank v. Law,* 10 F.2d 721 (2d Cir.1926). However, the modern rule is that if a judgment rests on independent grounds, either of which would support the result, the judgment is not conclusive with respect to either issue standing alone. *See New Jersey-Philadelphia Presbyterian Church v. New Jersey State Board of Education,* 654 F.2d 868, 876 (3d Cir.1981); *Annot.,* 29 A.L.R.Fed. 764 (1976).

▮ Given the jury's general verdict in the *McEntire* case, it is impossible to discern whether the damages awarded were based on the *de facto* merger theory or on breach of contract. Because of the existence of alternative bases of liability, it cannot be shown that the proof of a *de facto* merger was necessary and essential to the judgment.

On appeal to this court, Marchant also points to the jury verdict entered by the District Court of Georgia in *Bud Antle, Inc. v. Eastern Foods, Inc.,* No. CV 181–277 (S.D.Ga. Jan. 30, 1984), *appeal docketed,* No. 84–8106 (11th Cir. Feb. 21, 1984) as having decided the identical issue of *de facto* merger involved in this case, and as a sufficient ground upon which to have granted his motion for summary judgment. *Bud Antle* had not been decided by the Georgia district court at the time the district court considered the motion for summary judgment in this case and it is presently on appeal to the Circuit Court of Appeals for the 11th Circuit. We do not reach the question of the collateral estoppel effect of *Bud Antle,* leaving that determination for the district court on remand.

---

1. In view of the similar reasoning employed in both *Beall v. Doe* and *Parklane Hosiery,* we do not address the issue whether the availability of collateral estoppel in successive federal suits based on diversity jurisdiction is a matter of state or federal law. *Compare Seven Elves, Inc.*

*v. Eskenazi,* 704 F.2d 241 (5th Cir.1983) with *Gasbarra v. Park-Ohio Industries, Inc.,* 655 F.2d 119 (7th Cir.1981). We simply hold that the use of collateral estoppel in this case is inappropriate.

The interlocutory order of the district court is affirmed and the case remanded for proceedings deemed appropriate by the district court.

AFFIRMED.