OPINION
NIEMEYER, Circuit Judge:
In 1998, the United States and several of the States filed a civil action against Microsoft Corporation in the District of Columbia for violations of the Sherman Act. The district court in that action found that Microsoft (1) illegally maintained a monopoly in the market of “licensing of all Intel-compatible PC operating systems worldwide,” (2) attempted to monopolize a “putative browser market,” and (3) entered into an illegal tying arrangement by bundling its Internet Explorer web browser with its Windows operating system, in violation of §§ 1 and 2 of the Sherman Act. The Court of Appeals for the D.C. Circuit affirmed, with limitations, the district court’s conclusion that Microsoft illegally maintained a monopoly in the PC operating systems market but reversed the district court’s other conclusions. United, States v. Microsoft Corp., 253 F.3d 34 (D.C.Cir.2001).
*325 Based in large part on the factual findings made in that District of Columbia litigation, the plaintiffs in the cases now before this court have asserted a broad range of antitrust violations against Microsoft. On the plaintiffs’ motions to foreclose Microsoft from relitigating 356 factual findings made by the district court in the District of Columbia litigation, the district court in these actions entered a pretrial order applying the doctrine of “offensive collateral estoppel” to preclude Microsoft from relitigating 350 of the factual findings. The district court made its decision about each finding by determining that the finding was “supportive of’ the judgment affirmed by the Court of Appeals for the D.C. Circuit. In re Microsoft Corp. Antitrust Litig., 232 F.Supp.2d 534, 537 (D.Md.2002). On appeal, Microsoft contends that the standard that the district court used to apply offensive collateral estoppel to factual findings from the District of Columbia litigation was too broad, unfairly denying Microsoft an opportunity to litigate those facts in this action.
Because the “supportive of’ standard is not the appropriate standard for applying collateral estoppel, we reverse and remand, directing the district court to give preclusive effect only to factual findings that were necessary — meaning critical and essential — to the judgment affirmed by the D.C. Circuit.
I
Several competitors of Microsoft — Netscape Communications Corporation, Sun Microsystems, Inc., Burst.com, Inc., and Be Incorporated — as well as a class of consumers commenced these actions against Microsoft for various violations of the antitrust laws and related laws, and in April 2002 these actions were transferred to the District of Maryland under multidis-trict litigation procedures. See 28 U.S.C. § 1407.
In August 2002, several of the plaintiffs filed pretrial motions under Federal Rule of Civil Procedure 16(c) to foreclose Microsoft, under the doctrine of collateral estop-pel, from relitigating 356 of the 412 factual findings made by the district court in the District of Columbia litigation. See United States v. Microsoft Corp., 84 F.Supp.2d 9 (D.D.C.1999). The district court granted the motions with respect to 350 of those findings. In re Microsoft Corp. Antitrust Litig., 232 F.Supp.2d 534 (D.Md.2002). In reaching its conclusion, the court recognized that it could foreclose Microsoft from relitigating only those facts" that were “necessary to the prior judgment,” id. at 537, but it concluded that the doctrine “is sufficiently served by requiring that a specific finding be supportive of the prior judgment,” id. (emphasis added).
On Microsoft’s motion, the district court certified for review under 28 U.S.C. § 1292(b) its interlocutory order, which the court characterized as a ruling that “facts found by Judge Jackson [for the District of Columbia District Court] that were supportive of (rather than indispensable to) the liability judgment against Microsoft in the government case should be given collateral estoppel effect in the cases encompassed in this MDL proceeding.” By order dated July 3, 2003, we granted Microsoft leave to appeal.
II
Under the traditional rubric of res judicata, once a matter — whether a claim, an issue, or a fact — -has been determined by a court as the basis for a judgment, a party against whom the claim, issue, or fact was resolved cannot relitigate the matter. Judicial efficiency and finality have demanded such a policy.
*326 The doctrine of “collateral estoppel” or “issue preclusion,” which the district court applied in this case, is a subset of the res judicata genre. Applying collateral estoppel “forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate.” Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir.1998) (internal quotation marks and citation omitted). To apply collateral estoppel or issue preclusion to an issue or fact, the proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. See id.; Polk v. Montgomery County, Maryland, 782 F.2d 1196, 1201 (4th Cir.1986) (using “necessary, material, and essential” for the third prong); Tuttle v. Arlington County Sch. Bd., 195 F.3d 698, 703-04 n. 6 (4th Cir.1999) (using “critical and necessary”); C.B: Marchant Co. v. Eastern Foods, Inc., 756 F.2d 317, 319 (4th Cir.1985) (using “necessary and essential”); see also Restatement (Second) of Judgments § 27 & cmt. h (1982) (using “essential to the judgment,” meaning that the judgment must be “dependent upon the determinations”).
When a plaintiff employs the doctrine of collateral estoppel or issue preclusion “to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party,” it is known as “offensive collateral estoppel.” Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). And when a defendant employs the doctrine “to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant,” it is known as “defensive collateral estoppel.” Id. Recognizing a greater possibility for unfairness from the use of offensive collateral estoppel, the Supreme Court has held that in lieu of prohibiting its use altogether, district courts should be granted “broad discretion to determine when it should be applied.” Id. at 331, 99 S.Ct. 645. But this discretion should not be exercised to permit the use of offensive collateral estoppel “where a plaintiff could easily have joined in the earlier action or where ... the application of offensive es-toppel would be unfair to a defendant,” particularly in several specified ways. Id. Thus, when exercising its discretion, a court should consider the following nonexclusive factors: (1) whether the plaintiff could have -easily joined in the action against the defendant in the earlier action, (2) whether the defendant had an incentive in the prior action to have defended the action fully and vigorously; (3) whether the defendant had won litigation other than the prior action that determined the same issués or facts favorably to the defendant; (4) whether procedural opportunities are available in the pending action that were not available in the prior action. See id. at 331-32, 99 S.Ct. 645. In sum, the doctrine of offensive collateral estoppel or offensive issue preclusion may be used cautiously to preclude a defendant from relitigating a fact actually found against the defendant in prior litigation when the fact was critical and necessary to the judgment in the prior litigation, so long as the plaintiff using the fact could not have easily joined the prior litigation and application of the doctrine would not be unfair to *327 the defendant. The caution that is required in application of offensive collateral estoppel counsels that the criteria for foreclosing a defendant from relitigating an issue or fact be applied strictly. See, e.g., Jack Faucett Assocs. v. AT & T, 744 F.2d 118, 124 (D.C.Cir.1984) (“The doctrine [of offensive collateral estoppel] is detailed, difficult, and potentially dangerous”).
The single criterion at issue in this appeal is whether the district court correctly applied the requirement that facts subject to collateral estoppel be “critical and necessary” to the judgment in the prior litigation. While the district court correctly stated this criterion, it interpreted and applied it to foreclose relitigation of any fact that was “supportive of’ the prior judgment. We believe that this interpretation changes the criterion, rendering it too broad to assure fairness in the application of the doctrine. “Supportive of’ is a term substantially more inclusive than the stated criterion of “critical and necessary.”
Tellingly, in describing the scope of the “critical and necessary” criterion, we have used the alternative word “essential.” See, e.g., Polk, 782 F.2d at 1201 (“necessary, material, and essential”); C.B. Marchant, 756 F.2d at 319 (“necessary and essential”). And all of the terms that we have used — critical, necessary, essential, and material — are words of limitation. See Webster’s Third New International Dictionary 1510-11 (1993) (defining “necessary” to mean logically required, essential, indispensable); Random House Dictionary 1283-84 (2d ed.1987) (defining “necessary” to mean “essential, indispensable, or requisite”). Because a fact that is “supportive of’ a judgment may be consistent with it but not necessary or essential to it, the term “supportive of’ is a broader term than “critical and necessary.” The term “supportive of’ sweeps so broadly that it might lead to inclusion of all facts that may have been “relevant” to the prior judgment. Such a broad application of offensive collateral estoppel risks the very unfairness about which the Supreme Court was concerned in Parklane, 439 U.S. at 330-31, 99 S.Ct. 645, and we conclude therefore that it is inappropriate.
In addition, the “supportive of’ standard, when applied to offensive collateral estoppel, would foreclose further litigation of findings for which the defendant had no opportunity for appellate review in the pri- or litigation. See 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4421, at 559 (2d ed.2002); 18 James Wm. Moore et al., Moore’s Federal Practice § 132.03[4][b][iv], at 113, § 132.03[4][k][ii], at 123-24 (3d ed.2003). If a trial court were to make an unnecessary or collateral finding in a case and the defendant appealed the judgment, the appellate court, in affirming the judgment, would generally not reach the unnecessary findings. Thus, such findings would evade appellate review. See IB James Wm. Moore et al., Moore’s Federal Practice ¶ 0.443[5.-l], at 585-86 (2d ed.1996). Yet, under a “supportive of’ standard, these unnecessary or collateral findings, which are practically immune to appellate review, would still foreclose further litigation, as long as they tended generally to confirm the affirmed judgment. In contrast, when only “necessary” findings are given preclusive effect, the defendant will have received a full opportunity for litigation in the prior proceeding, including the opportunity for appellate review.
In support of its broader interpretation of “necessary,” the district court cited Delaware River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 572 (3d Cir. 2002); Hoult v. Hoult, 157 F.3d 29, 32 (1st Cir.1998); and Synanon Church v. United States, 820 F.2d 421, 424-25 (D.C.Cir. *328 1987). But none of these opinions employed the district court’s broadening interpretation. See Delaware River Port Auth., 290 F.3d at 572 (using “necessary to support [the] judgment” in the prior action); Hoult, 157 F.3d at 32 (using a “ ‘necessary component of the' decision reached’ ” in the earlier action (quoting Dennis v. Rhode Island Hosp. Trust Nat’l Bank, 744 F.2d 893, 899 (1st Cir.1984))); Synanon Church, 820 F.2d at 424 (using “actually and necessarily determined by a court of competent jurisdiction” in a prior proceeding).
The district court also reasoned that if “necessary” were to be construed as strictly as is suggested by “indispensable” and “essential,” we could not have reached the decision that we did in Ritter v. Mount St. Mary’s Coll, 814 F.2d 986 (4th Cir.1987). The district court observed that the more restricted meaning would require that if there were two independently sufficient grounds for a prior decision, preclusive effect could not be given to either ground. Yet we gave preclusive effect to two independently sufficient grounds in Ritter.
But Ritter does not undermine the generally restrictive meaning of necessary. In Ritter, the court observed the principle that “where the court in the prior suit has determined two issues, either of which could independently support the result, then neither determination is considered essential to the judgment. Thus, collateral estoppel will not obtain as to either determination.” 814 F.2d at 993. In the circumstances of that case, however, which involved no prior judgment from another proceeding but rather a prior ruling in the same case, we noted that “if the parties were not bound by the facts found in the very same case which they were litigating, then the judgments of courts issued during trial would become irrelevancies.” ■ Id. at 992. Even though we enforced an earlier factual finding applied to a motion decided later in the same ease — essentially applying a law-of-the-case principle — we called it collateral estoppel and applied it in the exceptional circumstances of that case, where the parties were the same, the issues were the same, the facts were the same, and even the court was the same. Id. at 994. Indeed, the case itself was the same. Id. at 992-94., But when issue preclusion is considered in the context of two separate litigations, the restrictive principle recognized in Ritter remains viable — that if a judgment in the prior ease is supported by either of two findings, neither finding can be found essential to the judgment. Id. at 993; see also Tuttle, 195 F.3d at 704; C.B. Marchant, 756 F.2d at 319.
111
On remand, when the district court applies the “critical and necessary” standard to the facts found in the District of Columbia litigation, it must take care to limit application to facts that were necessary to the judgment actually affirmed by the D.C. Circuit. The D.C. Circuit held that Microsoft illegally maintained a monopoly in the market of “licensing of all Intel-compatible PC operating systems worldwide” through 12 specified acts of anticom-petitive conduct, described by the D.C. Circuit in United States v. Microsoft Corp., 253 F.3d 34, 50-80 (D.C.Cir.2001). Microsoft may be precluded from relitigating the facts necessary to this judgment under the doctrine of offensive collateral estoppel.
To support their argument that all 350 factual findings were necessary to the District of Columbia judgment, the plaintiffs contend that the D.C. Circuit “affirmed all 412” of the district court’s factual findings. In making this assertion, the plaintiffs seem to be suggesting that the scope of the judgment in the District of Columbia *329 litigation was broader than the judgment actually affirmed by the D.C. Circuit. But the D.C. Circuit did not affirm all 412 factual findings. The D.C. Circuit considered all of the factual findings only when considering whether the improprieties of the district judge evidenced a bias against Microsoft that would have invalidated all of his factual findings. See Microsoft, 253 F.3d at 117-18. While the D.C. Circuit ultimately rejected this bias argument, it did not review the 412 factual findings to determine whether they were clearly erroneous or whether they should be affirmed on appeal. Indeed, because the D.C. Circuit reversed two of the three claims found by the district court, the district court’s judgments on those two claims were deprived of all preclusive effect. See 18 James Wm. Moore et al., Moore’s Federal Practice § 131.30[l][a] (3d ed.2003). On remand the district court must limit itself to those facts critical and necessary to the judgment actually affirmed by the D.C. Circuit.
In sum, we reverse the ruling of the district court that offensive collateral es-toppel will apply to any fact found in the District of Columbia litigation that is supportive of the judgment, and remand for application of the doctrine under the standards stated in this opinion.
REVERSED AND REMANDED