# United States Court of Appeals for the Federal Circuit

———————

UNITED ACCESS TECHNOLOGIES, LLC,
*Plaintiff-Appellant*

v.

CENTURYTEL BROADBAND SERVICES LLC,
QWEST CORPORATION,
*Defendants-Appellees*

———————

2014-1347

———————

Appeal from the United States District Court for the District of Delaware in No. 1:11-cv-00339-LPS, Chief Judge Leonard P. Stark.

———————

Decided: February 12, 2015

———————

ANTHONY MATTHEW GARZA, Charhon Callahan Robson & Garza, PLLC, Dallas, TX, argued for plaintiff-appellant. Also represented by STEVEN CHASE CALLAHAN, BRETT CHARHON.

MATTHEW CHRISTOPHER GAUDET, Duane Morris LLP, Atlanta, GA, argued for defendants-appellees. Also represented by L. NORWOOD JAMESON; KRISTINA CAGGIANO KELLY, Washington, DC.

———————

Before NEWMAN, BRYSON, and O'MALLEY, *Circuit Judges.*

BRYSON, *Circuit Judge.*

This appeal by a patent owner requires us to address the collateral estoppel effects of a general jury verdict in a prior action involving the same patents. The district court held that the jury's verdict against the patentee in the prior action was entitled to collateral estoppel effect in this proceeding. We reverse.

## I

Plaintiff-appellant United Access Technologies, LLC ("United"), is the owner of U.S. Patent Nos. 5,844,596; 6,243,446; and 6,542,585. The asserted claims of the three patents recite systems for using a landline telephone connection for both voice communication and data transmission. The inventions are directed to the use of exchanges that combine the voice and data components of the signal for transmission over the telephone line, and filters that separate those components so that they can be received as separate voice and data signals by a user.

In 2002, United's predecessor in interest, Inline Connection Corporation, brought suit against EarthLink, Inc., charging EarthLink with direct infringement of various claims of the three patents. Inline's theory of the case was that EarthLink offered its customers an Internet connection service based on a broadband digital communications technology known as Asymmetrical Digital Subscriber Line ("ADSL"), and that Earthlink's ADSL service infringed the asserted patents. EarthLink's defense was that it did not infringe, for two reasons: first, the ADSL technology did not infringe the patents; and second, Earthlink's accused ADSL system did not include a "telephone device" as required by all asserted claims.

The jury in the *EarthLink* case returned a general verdict of non-infringement with respect to all of the

asserted claims. Nothing in the verdict form or the other aspects of the record indicated what ground for decision the jury had adopted in reaching its verdict.

Inline moved for judgment as a matter of law ("JMOL"). The trial court denied the motion, holding that the jury's verdict of non-infringement was supported by the evidence. In particular, the court ruled that the jury's verdict could be upheld on either of two theories: (1) the jury could have concluded that Inline failed to carry its burden to show that the ADSL technology infringed the asserted claims, or (2) the jury could have found that EarthLink did not infringe because none of its systems included a telephone, which was a required element of each of the asserted claims.

In its response to Inline's JMOL motion, EarthLink argued that the testimony of Inline's expert, including his conclusion that standard ADSL services infringe the claims of the patents in suit, was heavily impeached during cross-examination. The trial court agreed with EarthLink that a reasonable jury "could have determined that [the expert] was impeached during his testimony and, therefore, lacked credibility," and that, "[b]ased on such determination, the jury could reasonably have returned its non-infringement verdict." In its second argument in response to Inline's JMOL motion, Earth-Link contended that the evidence showed that telephones and telephone service were separate from the Internet access service offered by EarthLink, and that EarthLink's accused service had no connection to the telephone service at all. Again, the trial court agreed with EarthLink and ruled that "since at least one 'telephone device' is an element of each of the asserted claims, the absence of evidence that EarthLink's system includes that element is substantial evidence upon which the jury could have returned its non-infringement verdict."

On appeal from the trial court's judgment in the *EarthLink* case, this court affirmed without opinion. *United Access Techs., LLC v. EarthLink, Inc.*, 432 F. App'x 976 (Fed. Cir. 2011).

In 2011, United, as Inline's successor, filed this action against defendants-appellees CenturyTel Broadband Services LLC, and Qwest Corporation. United charged the defendants with infringing the same claims of the three patents that had been asserted against EarthLink. CenturyTel and Qwest sought dismissal of United's claims based on collateral estoppel. Their theory was that the jury's verdict in the *EarthLink* case established as a matter of law that the industry standard ADSL technology did not infringe United's patents. Because United failed to show that the ADSL services sold by CenturyTel and Qwest differed in any material respect from the ADSL services that had been sold by EarthLink, they contended that the prior proceedings collaterally estopped United from proving infringement in the present action.

The district court agreed with the defendants and dismissed the action on collateral estoppel grounds. The court began its analysis by noting that United had not been able to articulate how the defendants' systems were different from the systems that were the subjects of the trial in the *EarthLink* case. The court explained that United had identified only a single potential distinguishing factor between EarthLink's services and those offered by the defendants in this case: that EarthLink's services did not include telephone devices, but provided an access service that was distinct from any service involving the use of a telephone, while the defendants' services included telephone devices.

The district court rejected that proposed distinction, stating that it "does nothing to account for the fact that the issue whether industry standard ADSL infringes the

patents-in-suit was litigated, and lost, by the Plaintiff in the *EarthLink* action." The court added:

> At best, Plaintiff's "telephone device" distinction could mean that Plaintiff's claims against Defendants in the instant matter are not barred by collateral estoppel on the basis of the *EarthLink* Court's denial of motions for judgment as a matter of law ("JMOL") based on the absence of the "telephone" elements in EarthLink's product. But that would only allow Plaintiff to overcome one of the bases on which it lost in *EarthLink*. Another reason a judgment of non-infringement was entered in that earlier action is that Plaintiff failed to show that industry standard ADSL was within the scope of the patents-in-suit.

The court pointed out that in the *EarthLink* case, the trial court ruled that, based on the impeachment of Inline's expert, a reasonable jury could have rejected Inline's theory that (1) EarthLink used the industry standard ADSL and (2) the industry standard ADSL infringed the asserted patents. The *Earthlink* court's ruling on that point, the district court concluded, constituted a "second, independent basis for the finding of non-infringement in *EarthLink*." According to the district court, that second ground supporting the denial of Inline's JMOL motion was fatal to United's claims in this case, because under Third Circuit law "independently sufficient alternative findings [are] given preclusive effect." Upon concluding that the question whether the industry standard ADSL infringes United's patents was previously adjudicated against United's predecessor in the *EarthLink* case, the court held that collateral estoppel principles barred United from seeking to relitigate that issue in this case.

## II

On appeal, United argues that the district court mis-applied the principles of collateral estoppel, as those principles are applied by the Third Circuit.1  The essence of United's argument is as follows:  The JMOL order in the EarthLink case established only that the jury could permissibly have reached its verdict on either of two possible grounds—either that EarthLink's system did not infringe because it lacked a telephone or that the standard ADSL technology was not within the scope of the patents in suit.  The EarthLink JMOL decision therefore did not establish that the jury necessarily based its verdict on a conclusion that the standard ADSL technology did not infringe United's patents.  Accordingly, it was improper for the district court to hold that United is collaterally estopped from litigating that issue in this case.

That analysis is correct.  To be sure, United's argument in the district court was not nearly as focused as it is in this court.  In fact, before the district court United directed its argument in large measure to irrelevant matters and barely alluded to the argument that it now vigorously presses on appeal.  However, after examining the record of the proceedings before the district court, we are satisfied that United preserved the argument that it urges upon this court, although the lack of focus in United's argument before the district court no doubt goes a

---

1    In a case such as this one, involving general principles of the law of judgments that do not implicate questions within this court's exclusive jurisdiction, we apply the law of the regional circuit, which in this case is the Third Circuit. *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1311 (Fed. Cir. 2010); *Bayer AG v. Biovail Corp.*, 279 F.3d 1340, 1345 (Fed. Cir. 2002).

long way toward explaining why the district court erred in its application of collateral estoppel in this case.

## A

A party seeking to apply the doctrine of collateral estoppel based on a prior action must show that (1) the previous determination was necessary to the decision; (2) the identical issue was previously litigated; (3) the issue was actually decided in a decision that was final, valid, and on the merits; and (4) the party being precluded from relitigating the issue was adequately represented in the previous action. *Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 474-75 (3d Cir. 1997); *Stephen Slesinger, Inc. v. Disney Enters., Inc.*, 702 F.3d 640, 644 (Fed. Cir. 2012); *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4416, at 392 (2002); *Restatement (Second) of Judgments* § 27 (1982); *see generally Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979) ("[C]ollateral estoppel treats as final only those questions actually and necessarily decided in a prior suit."). In this case, we focus on the third of those requirements: whether the issue in dispute was actually decided in the prior action. We conclude that the issue in dispute—whether standard ADSL infringes the asserted claims of United's patents—was not actually decided in the *EarthLink* case.

To address this issue, we must consider the principles of collateral estoppel that apply in the context of a general jury verdict. It is well established that a general jury verdict can give rise to collateral estoppel only if it is clear that the jury necessarily decided a particular issue in the course of reaching its verdict. *See Ashe v. Swenson*, 397 U.S. 436, 444 (1970). When there are several possible grounds on which a jury could have based its general verdict and the record does not make clear which ground the jury relied on, collateral estoppel does not attach to

any of the possible theories. *Id.*; *see Novartis Pharm. Corp. v. Abbott Labs.*, 375 F.3d 1328, 1334 (Fed. Cir. 2004) (no collateral estoppel because there was a general jury verdict and "no record evidence explaining the jury's rationale for its verdict"; the defendant therefore failed to satisfy its burden of showing that the jury necessarily relied on the district court's construction of a particular term in the patent); *Chew v. Gates*, 27 F.3d 1432, 1438 (9th Cir. 1994) ("Where the prior judgment was based on a general verdict, the inquiry is whether rational jurors must necessarily have determined the issue as to which estoppel is sought."); *Tucker v. Arthur Andersen & Co.*, 646 F.2d 721, 729 (2d Cir. 1981) (when a general verdict has been rendered in favor of a defendant, "[i]f several issues have been litigated, it is not known what factual issues the jury has decided, for the defendant was entitled to the verdict if the plaintiff failed to persuade the jury as to any element of his claim").

When a court seeks to determine what issues were necessarily decided by the jury, the party asserting preclusion bears the burden of showing "with clarity and certainty what was determined by the prior judgment." *Jones v. City of Alton, Ill.*, 757 F.2d 878, 885 (7th Cir. 1985); *see also Connors v. Tanoma Min. Co.*, 953 F.2d 682, 684 (D.C. Cir. 1992); *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir. 1985). Where there is doubt as to the issue or issues on which the jury based its verdict, collateral estoppel is inapplicable. *See S.E.L. Maduro (Fla.), Inc. v. M/V Antonio de Gastaneta*, 833 F.2d 1477, 1483 (11th Cir. 1987) ("If the jury could have premised its verdict on one or more of several issues, then collateral estoppel does not act as a bar to future litigation of the issues."); *C.B. Marchant Co. v. Eastern Foods, Inc.*, 756 F.2d 317, 319 (4th Cir. 1985) (holding that it was impossible to determine from the general verdict in a prior action what theory the jury had relied on to award damages; "[b]ecause of the existence of alternative bases of liability,

it cannot be shown that the proof of a *de facto* merger was necessary and essential to the judgment."); *N.J.-Phila. Presbytery of the Bible Presbyterian Church v. N.J. State Bd. of Higher Educ.*, 654 F.2d 868, 876 (3d Cir. 1981) ("[I]f the judgment is based on one or more of several grounds, but does not expressly rely on any of them, none is conclusively established, since a subsequent court cannot tell what issue or issues were in fact fully adjudicated.") (applying New Jersey law).

In its 1876 decision in *Russell v. Place*, 94 U.S. 606 (1876), the Supreme Court dealt with a case roughly analogous to this one and set out the principles that govern our decision in this case. In *Russell*, a patentee obtained a jury verdict for patent infringement, upon which judgment was entered. The verdict was obtained over a defense of patent invalidity. The patentee later filed a second action on the same patent against the same defendant and sought to invoke the judgment in the first case to estop the defendant from asserting patent invalidity in the second case. The Supreme Court held that collateral estoppel was not available, because of uncertainty as to the scope of the verdict in the first case.

The *Russell* Court ruled that in order for collateral estoppel to apply,

> it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record—as, for example, if it appear that several distinct matters may have been litigated upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evi-

> dence showing the precise point involved and de-
> termined.

94 U.S. at 608. Because the initial action had been tried on two claims, and it was unclear whether the jury had based its liability decision on only one of the two claims, the Supreme Court held that "[t]he validity of the patent was not necessarily involved, except with respect to the claim which was the basis of the recovery." *Id.* at 609. Even though the Court acknowledged that the prior jury might have found infringement based on either claim or both, it held that the record lacked "that certainty which is essential to its operation as an estoppel and does not conclude the defendants from contesting the infringement or the validity of the patent in this suit." *Id.* Accordingly, the Court held that the jury's verdict in the first action was not entitled to be given collateral estoppel effect in the second.

## B

The district court in this case found that the jury could have based its verdict in the EarthLink case on one of two separate grounds—either that EarthLink did not use a telephone in its system or that the standard ADSL technology itself did not infringe. Normally, the court's finding that the verdict could have been based on alternative grounds would be sufficient to render collateral estoppel unavailable. The court, however, ruled that collateral estoppel was available to the defendants because the trial court in the EarthLink case had held, in response to the plaintiff's JMOL motion, that the jury's verdict could be sustained on either of the two theories of noninfringement that were presented to it. The defendants argued to the district court, and continue to argue here, that under Third Circuit law, if there are alternative grounds for a decision, collateral estoppel can apply to both of them. The defendants principally rely on the holding in Jean Alexander Cosmetics, Inc. v. L'Oreal

USA, Inc., 458 F.3d 244 (3d Cir. 2006), for that proposition.

The problem with the defendants' argument is that it is based on a principle that applies to a situation very different from the one at issue here.  The Jean Alexander case on which the defendants rely involved a decision by an adjudicator in the first case that was explicitly based on two alternative grounds.  That means that the adjudicator actually considered both grounds and regarded each as independently sufficient to justify the conclusion reached.  In that setting, it is reasonable to conclude that collateral estoppel effect should be granted to either of the adjudicator's alternative holdings.  In Jean Alexander, the court had before it a prior ruling of the Trademark Trial and Appeal Board ("TTAB") dismissing L'Oreal's petition to cancel Jean Alexander's registration of a trademark.  The prior ruling was explicitly based on two independent grounds—priority and lack of likelihood of confusion.  The question before the court was whether, in light of the two independent grounds for decision, either one would be entitled to collateral estoppel effect.  The court held that in such a case both rulings are entitled to preclusive effect.  In so doing, the Third Circuit adopted a position that had been endorsed in the First Restatement of Judgments, but rejected in the Second Restatement of Judgments, and on which there is a split among the circuits.

The First Restatement of Judgments took the position that where the decision of the first tribunal rests on alternative grounds, collateral estoppel can apply to each of the alternative grounds recited.  Restatement of Judgments § 68 cmt. n (1942) ("Where the judgment is based upon the matters litigated as alternative grounds, the judgment is determinative on both grounds, although either alone would have been sufficient to support the judgment.").  In the Second Restatement of Judgments, the American Law Institute changed its position and

adopted the view that, where the decision of the first tribunal rests on alternative grounds, none of those grounds is entitled to be accorded collateral estoppel effect. Restatement (Second) of Judgments § 27 cmt. i ("If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone.").

The rationale underlying the First Restatement's position is that when the first tribunal has expressly adopted alternative grounds for a decision, it has unambiguously determined that each of those grounds is sufficient to justify its decision, and the fact that there are other grounds that also support the decision should not undermine the preclusive effect of the decision on the issue in dispute. The rationale of the Second Restatement's position is that when a tribunal decides a case based on alternative grounds, none of them is strictly necessary to the decision, and it is possible that less attention was paid to each than would be the case if the decision rested on a single ground.[2]

The defendants contend that this case turns on the issue that divided the two Restatements, and that this

---

[2]   Several circuits, in addition to the Third Circuit, have adopted the First Restatement's position. *See, e.g.*, *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 45 (2d Cir. 1986); *In re Westgate-Cal. Corp.*, 642 F.2d 1174, 1176-77 (9th Cir. 1981). Other circuits have adopted the position of the Second Restatement. *See, e.g.*, *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 328 (4th Cir. 2004); *Peabody Coal Co. v. Spese*, 117 F.3d 1001, 1008 (7th Cir. 1997) (en banc); *Soc'y of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1213-14 n.25 (5th Cir. 1991); *Turney v. O'Toole*, 898 F.2d 1470, 1472 n.1 (10th Cir. 1990).

court is obliged to follow the Third Circuit's position adopting the First Restatement's view. In so arguing, the defendants necessarily contend that the Earthlink JMOL ruling is analogous to the TTAB decision in the Jean Alexander case. But that contention is mistaken. The decision of the prior tribunal in Jean Alexander was an explicit ruling that two independent grounds supported the tribunal's decision in the first case. By contrast, the court's JMOL ruling in the EarthLink case was simply a decision that a rational jury could reasonably have found non-infringement based on either of two theories. The JMOL ruling did not hold that the jury had, in fact, decided in favor of EarthLink on both of those grounds.

That difference is dispositive. The application of collateral estoppel depends on the second court's concluding that the issue in dispute was clearly resolved by the first tribunal. That was true in the Jean Alexander case, but not in the EarthLink case, where the trial court's decision on JMOL was simply that the jury could reasonably have concluded that the standard ADSL system did not infringe, not that the jury necessarily did so conclude.

The defendants' argument that a ruling as to the sufficiency of the evidence on multiple grounds provides a basis for invoking collateral estoppel on each of those grounds is squarely contrary to the reasoning of one of the Supreme Court's leading decisions on collateral estoppel, Ashe v. Swenson, 397 U.S. 436 (1970). In Ashe, the Court explained that in determining the collateral estoppel effect, if any, of a general jury verdict, the court must decide "whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Id. at 444. The Court held that if the jury could have based its verdict on a ground other than the one in dispute, collateral estoppel would not bar litigation of the disputed issue. See Schiro v. Farley, 510 U.S. 222, 233 (1994).

That is exactly the situation in this case: In holding that the jury verdict in the EarthLink case could have been based on the absence of a telephone from Earth-Link's systems, rather than on the failure of proof that the ADSL technology infringes United's patents, the trial court in EarthLink found that a rational jury could have grounded its verdict on an issue other than the one the defendants now seek to foreclose from consideration— precisely the finding that the Supreme Court in Ashe held to be fatal to an effort to apply collateral estoppel to the jury's verdict.

The defendants' theory of collateral estoppel is also contrary to a Supreme Court decision from a century and a half ago, Packet Co. v. Sickles, 72 U.S. 580 (1866). In that case, the plaintiff sued the defendant on four counts, including the first and fourth counts, which involved two different contracts. The jury returned a general verdict in favor of the plaintiff, but without specifying whether its verdict was based on the contract in the first count or the contract in the fourth count.

In a later action brought by the plaintiff on the contract that had been asserted in the first count of the first action, the plaintiff sought to estop the defendant from asserting the invalidity of the contract as a defense. The Supreme Court rejected the plaintiff's claim. The Court observed that the record of the first case showed that the evidence "was sufficient to have justified the jury in finding either contract." Sickles, 72 U.S. at 591. Nonetheless, the Court concluded that because the jury "might have found in favor of the plaintiffs on the contract as set forth in the fourth count, even if they disbelieved the proof of the agreement [set forth in the first count]," id. at 591-92, the jury's verdict could not be erected as an estoppel against the defendant's challenge to the contract asserted in the first count. The Court explained that "even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in

the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be concluded." Id. at 592. Thus, even though the Court in the Sickles case held that the evidence was sufficient to support a verdict on either theory of liability raised in the first action, the Supreme Court held that collateral estoppel did not apply because "it is quite clear that the record of the former trial, together with the extrinsic proofs, failed to show that the contract in controversy in the present suit was necessarily determined in the former in behalf of the plaintiffs." Id.

The Supreme Court's decision in the Sickles case cannot be squared with the district court's decision here. In Sickles, as here, the first jury could have based its finding of liability on either (or both) of two possible grounds. The Court in Sickles, like the trial court in EarthLink, found that the evidence was sufficient to support the jury's verdict on either ground. Nonetheless, the Sickles Court held that because it was not clear that the first jury decided the case on the ground presented in the second action, collateral estoppel was inapplicable. Applying the same analysis here requires that we reverse the district court's decision applying collateral estoppel against United.

## C

The defendants argue that United waived its right to argue that the "same issue" was not presented in the first and second actions in this case, because it failed to identify any material difference between the systems accused in the two cases. That argument misses the point. The question before this court is not whether there is a difference between the ADSL system sold by EarthLink and the ADSL system sold by the defendants. Instead, assuming the two accused ADSL systems share the same industry standard ADSL technology, the question is whether the jury in the EarthLink case necessarily decided that

the standard ADSL technology infringed the asserted claims.  If it is not known whether the EarthLink jury found that the standard ADSL technology infringed, it does not matter whether the two systems are the same or not.  That is because, if the jury did not necessarily decide that the standard ADSL technology did not infringe the asserted claims, there is no decision in the first case to which collateral estoppel can be applied in this one.

There may be other grounds on which the defendants in this case can prevail without the need for a trial, and our opinion does not foreclose the district court from addressing any such grounds, if they exist.  We hold only that it was error to apply collateral estoppel to a general jury verdict that could have rested on multiple grounds, simply because the first court held, in its JMOL ruling, that the evidence would have been sufficient to support the jury's verdict on either theory of liability presented to it.

**REVERSED AND REMANDED**